UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HOLLI LUNDAHL<br>a/k/a Holli Telford, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| ALBERT HAWKINS,<br>Commissioner for the Dept. of Health and<br>Human Services for the State of Texas;<br>ANDREW ARNOTT,<br>LENORE LOPEZ,<br>AMANDA MATRAVERS, and<br>DOES EMPLOYEES of the Utah Dept.<br>of Health and Human Services;<br>ACCOUNTING OFFICIAL FOR BOP<br>in Austin, Texas;<br>USA; and<br>SONJA SORENSON, | § § § § § § § § § § § § § § § | SA-09-CV-0588 XR |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

**TO:** **Honorable Xavier Rodriguez**
**United States District Judge**

This report and recommendation recommends dismissal of this case and sanctions. Previously, the district judge referred to me plaintiff Holli Lundahl's motion to proceed *in forma pauperis* (IFP).[1] The motion includes a request for appointment of an attorney. In considering the motion, I observed that this case should be dismissed under 28 U.S.C. § 1915(e) and that Lundahl abuses the judicial system.

Section 1915(e) provides for *sua sponte* dismissal of an IFP proceeding if the court finds

---

[1]Docket entry # 1.

that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[2] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[3] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[4] Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[5] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Lundahl's litigation history**. Lundahl is a vexatious litigant.[6] Several courts have placed Lundahl under filing restrictions—the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for the Tenth Circuit, the Supreme Court of Utah, the United States District Court for the District of Utah, and the

---

[2] 28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Fed. R. Civ. P. 12(b)(6)).

[3] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

[5] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[6] Civil Action 08-036-BLG-RFC, Order Dismissing Pl.'s Complaint (D. Mont. May 9, 2008), p. 5.

United States District Court for the District of Idaho.[7] In the one of the first filing-restriction orders, United States District Judge Dee Benson, District of Utah, found "Lundahl's conduct abusive of the judicial process,"[8] stating that between 1989 and 2004 Lundahl had filed or been a party to 28 cases, many of which were determined to be "wholly without merit, frivolous and harassing."[9] Judge Benson observed that the Supreme Court of Utah described Lundahl as having "managed to embroil herself in more litigation in just a few short years than one would think humanly impossible." On July 8, 2004, Judge Benson imposed filing restrictions.

In the District of Idaho, United States District Judge Richard Tallman described Lundahl's litigation history as follows:

> Because the record now before this Court shows beyond cavil that Lundahl's litigation activities have been both numerous and abusive, the Court finds that Lundahl is a vexatious litigant and her litigation activities are in fact abusive, harmful, and intended to harass and annoy both the parties she names in her lawsuits and the entire judicial system she purports to invoke. Both the number and content of the filings indicate the harassing and frivolous nature of Lundahl's claims. Lundahl has a lengthy history of targeting the same defendant and any party previously associated with her lawsuits, including judges, clerks, and attorneys, in each of her subsequent actions. *When Lundahl is subject to an adverse determination in one court, she simply moves to a new forum to pursue the same claim*.[10]

Judge Tallman enjoined Lundahl "from filing any further action, pleading, or letters in [the

---

[7]Civil Action 08-036-BLG-RFC, Order Dismissing Pl.'s Complaint (D. Mont. May 9, 2008), p. 5. *See also Lundahl v. Eli Lilly & Co.*, 544 U.S. 997 (2005) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1.").

[8]Civil Action 2:2005-CV-00253, Order (D. Utah July 8, 2004).

[9]*Id*.

[10]*Lundahl v. Nar Inc*., 434 F. Supp. 2d 855, 859-60 (D. Idaho 2006) (emphasis added).

3

District of Idaho] in any civil matter without first obtaining leave of the Chief United States District Judge."[11]

Despite these restrictions, Lundahl continued to file frivolous, harassing lawsuits, moving from forum to forum.[12] Lundahl's new forum is Texas. The new forum resulted from Lundahl's detention at the Federal Medical Center Carswell in Fort Worth, Texas. That detention arose from an October 2006 indictment charging Lundahl with seven counts of bankruptcy fraud.[13] Because Lundahl had "filed more than 250 lawsuits and appeals in the federal and state courts in

---

[11]*Nar Inc.*, 434 F. Supp. 2d 855 at 861.

[12]*See* Civil Action 02:2005-CV-2382 (Lundahl sued Los Angeles Home-Owners Aid, Bankruptcy Judge Sheri Bluebond, and numerous others in C.D. Cal.; case dismissed for lack of prosecution); Civil Action 02:2005-CV-2541 (Lundahl appealed bankruptcy decision involving Los Angeles Home-Owners Aid in C.D. Cal.; case dismissed for lack of prosecution); Civil Action 02:2005-CV-3809 (Lundahl appealed bankruptcy decision in C.D. Cal.; case dismissed for failure to prosecute); Civil Action 01:2008-CV-0036 (Lundahl sued the United States of America, the Internal Revenue Service, the Bureau of Prisons and 30 other defendants in D. Mont.; claims against Montana defendant dismissed for failure to state a claim; other claims dismissed for improper venue; the Ninth Circuit characterized Lundahl's appeal as "so insubstantial as to not warrant further review"); Civil Action 03:2008-CV-1877 (Lundahl applied for a writ of habeas corpus in N. D. Tex. to challenge criminal charges pending in the District of Utah; court observed that Lundahl was sent to the Federal Medical Center in Fort Worth, Tex., for neurological and psychiatric examination; case dismissed for lack of jurisdiction because Lundahl was not detained in Fort Worth at the time she filed her petition); Civil Action 03:2008-CV-1990 (Lundahl sued 33 defendants in N.D. Tex.; considering Lundahl's motion to proceed IFP, the magistrate judge observed that Lundahl is "no stranger to the civil justice system" and recommended denying Lundahl's application); Civil Action 04:2008-CV-3786 (Lundahl sued the United States of America, Los Angeles Home-Owners Aid and 74 other defendants in S.D. Tex.; case dismissed as frivolous under 28 U.S.C. § 1915(g) and as duplicative of allegations and claims that were extensively and unsuccessfully pursued in numerous other lawsuits); Civil Action 3:09-mc-00002 (order denying Lundahl's motion to proceed IFP in the S.D. Tex., stating that Lundahl has filed more than 60 cases in six states and over 80 appeals in federal court, and explaining that Lundahl's false imprisonment claims are precluded by her conviction); Civil Action 03:2009-CV-0174 (application for writ of habeas corpus filed in the N.D. Tex.; case dismissed as moot because Lundahl was released from custody).

[13]Criminal Action 2:06-CR-00693-001, Order Finding Def. Incompetent to Stand Trial, (D. Utah Dec. 8, 2008), p. 2.

three states, California, Utah and Idaho, naming judges, court clerks, law firms and elected officials as defendants,"[14] and because Lundahl exhibited "a particularly strong paranoia of the 'government,'"[15] the government asked the court to order Lundahl to undergo a competency examination before permitting Lundahl to represent herself at trial. The court granted the motion and the Bureau of Prisons (BOP) sent Lundahl to the Federal Medical Center Carswell for psychiatric and neurological testing.[16] In the meantime, Lundahl was also charged with three counts of perjury.[17] After two and a half years in detention and several evaluations, Chief Judge William Downes, District of Wyoming — other district judges having recused themselves — determined that Lundahl was incompetent to stand trial.[18] Chief Judge Downes reported that Lundahl had been diagnosed as possessing obsessive/compulsive personality disorder with narcissistic traits ans delusional disorder, persecutory type.[19] Chief Judge Downes found that Lundahl's "delusions are persecutory in nature and specifically revolve around the [Elli] Lilly conspiracy, including the involvement of her counsel and the entire judicial system."[20]

---

[14]Criminal Action 2:06-CR-00693-001, Mot. for Competency Evaluation (D. Utah Nov. 3, 2006), p. 3.

[15]*Id*. at p. 4.

[16]Criminal Action 2:06-CR-00693-001, Order Finding Def. Incompetent to Stand Trial (D. Utah Dec. 19, 2008), p. 2.

[17]Criminal Action 2:07-CR-00272, Indictment (D. Utah May 2, 2007).

[18]Criminal Action 2:06-CR-00693-001, Order Finding Def. Incompetent to Stand Trial (D. Utah Dec. 19, 2008).

[19]*Id*. at p. 5.

[20]*Id*. at p. 10. The district judge may find the order finding Lundahl incompetent to stand trial particularly helpful in considering this report and recommendation.

Subsequently, Chief Judge Downs granted the government's motion to dismiss and dismissed all charges against Lundahl and ordered her release.[21]

Lundahl's Texas litigation began during her detention in Texas. Recently, Judge Gary Miller, United States District Judge for the Southern District of Texas described Lundahl's litigation history as follows:

> A review of the U.S. Party and Case Index reveals that plaintiff [Lundahl] has filed more than sixty *pro se* lawsuits in the federal courts of California, Utah, Nevada, Montana, Texas, and Idaho, and over eighty appeals in the federal appellate courts of those states. In addition, she has been barred from proceeding *in forma pauperis* in the United States Supreme Court and the Utah Supreme Court. At least one Utah federal court has barred her from filing any new actions in that district without the prior approval of a district judge or magistrate judge.[22]

Mindful of Lundahl's litigation history, her extended detention at the Federal Medical Center, and Chief Downes's finding of incompetency, I examined Lundahl's proposed complaint to ascertain whether it includes allegations that state a claim upon which relief may be granted.

**Lundahl's proposed complaint**. Lundahl's proposed complaint consists of 19 pages, plus 161 pages of exhibits relating to her prior litigation. Lundahl's factual allegations trace her extensive litigation history—to include her criminal history—and reflects the persecutory delusions and mistrust of the judicial system discussed by Chief Judge Downs. The proposed complaint picks up where her previous lawsuits ended—with her release from federal detention in January 2009.

**New allegations/claims against Albert Hawkins**. According to the proposed complaint,

---

[21]Criminal Action 2:06-CR-00693-001 & 2:07-CR-00272, Order Dismissing Charges without Prejudice and Ordering the Immediate Release of the Def. (D. Utah Jan. 21, 2009).

[22]Civil Action No. H-08-3786, Order of Dismissal (S.D. Tex. Jan. 14, 2009) (citations omitted).

Lundahl applied for public assistance from the Texas Department of Health and Human Services (TDHHS) after her release from federal detention. Lundahl did not identify the benefits she sought, but she must have applied for assistance under the Food Stamp Program because that is a TDHHS-managed public assistance program and the program complained about at length in her proposed complaint. Lundahl complained that TDHHS denied her application because the Utah Department of Health and Human Services placed a "fraudulent and void default judgment against [her] credit report."[23] She stated that Texas sent her back to Utah to resolve the judgment issues. This allegation appears to be the basis for Lundahls' claims against named defendant Albert Hawkins. Hawkins is TDHHS's Executive Commissioner. Lundahl seeks to sue Hawkins for conspiring to violate her civil rights, creating a racketeering enterprise by using his position as an administrative officer under the Health and Welfare Act, failing to act in good faith as to her benefit, committing fiduciary fraud, and abusing process. Lundahl's allegations in regard to Hawkins fail to state a claim for at least two reasons.

**Lundahl's claims against Hawkins lack a factual basis**. Recently, the Supreme Court instructed that determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[25] The Court explained that "a court considering a motion to dismiss

---

[23]Proposed complaint, ¶ 41.

[24]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

[25]*Id*.

can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[26]

Lundahl's claims against Hawkins are conclusory allegations that are unsupported by factual allegations. For example, Lundhahl alleges that the "defendants [including Hawkins] did commit numerous unlawful acts prohibited by Utah's false communications statute, witness tampering and retaliation statutes, theft by extortion statute, the federal obstruction of justice statute, the federal mail and wire fraud statutes and the federal witness tampering statutes; all to advance the pecuniary interests of the defendants and to criminally retaliate against plaintiff."[27] "These bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements' of a . . . [RICO] claim . . . ,"[28] namely, that Hawkins participated in a criminal enterprise with other named defendants through a pattern of racketeering.[29] "As such, the allegations are conclusory and not entitled to be assumed true."[30] Lundahl's bald allegations are disentitled to the presumption of truth—not because they are unrealistic or nonsensical—but because they are

---

[26]*Id*.

[27]*See* docket entry # 3, ¶ 52 (proposed complaint).

[28]*Iqbal*, 129 S. Ct. at 1951.

[29]*See R.A.G.S. Couture v. Hyatt*, 774 F.2d 1350, 1352 (5th Cir. 1985) ("[A] plaintiff must show that (1) an enterprise existed that affected interstate commerce; (2) the defendant was associated with the enterprise; (3) the defendant participated in the conduct of the enterprise's affairs; and (4) the participation was through a 'pattern of racketeering activity'").

[30]*Iqbal*, 129 S. Ct. at 1951.

conclusory in nature.[31] Lundahl's proposed complaint does not contain any factual allegation sufficient to plausibly suggest that Hawkins participated in a criminal enterprise with other named defendants through a pattern of racketeering.[32] The proposed complaint fails to state a claim upon which relief may be granted because the claims against Hawkins are not unsupported by factual allegations. For this reason, this case should be dismissed.

**Lundahl's remedy lies in state court**. The second reason Lundahl's allegations in regard to Hawkins fail to state a claim is because Lundahl's remedy for the denial of food stamps lies with the Texas state courts. "The [Texas] Health and Human Services Commission (HHSC) is authorized by law to adopt and implement rules to administer the programs it oversees."[33] Under the applicable regulations, an applicant like Lundahl may appeal the denial of an application for food stamps.[34] The appeal process is similar to the process used by the Social Security Administration following the denial of an application for disability income benefits and supplemental security income. Once that process is exhausted, an applicant can obtain judicial review by applying for review in a state district court in Travis County, Texas.[35] Under this structure, a federal court has no jurisdiction to review the denial of an application of Texas food

---

[31] *See Iqbal*, 129 S. Ct. at 1951 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

[32] *See id.* at 1952 (reaching the same conclusion for the same reason).

[33] 1 Tex. Admin. Code § 357.3 (2009) (Tex. Health & Human Services Comm'n, Authority & Right to Appeal).

[34] 1 Tex. Admin. § 372.1002 (2009) (Tex. Health & Human Services Comm'n, May TANF and food stamp households appeal DHS's decisions affecting their benefits?).

[35] 1 Tex. Admin. Code § 357.703 (2009) (Tex. Health & Human Services Comm'n, Process & timeframes).

stamp benefits. Lundahl seeks to circumvent the state process by suing Hawkins in federal court. Although she states in her proposed complaint that she has pursued her administrative remedies, as evidenced by her first exhibit,[36] it is clear that Lundalh has not done so. The exhibit Lundahl relies on is an undated document providing information about procedures for filing a discrimination complaint with the Utah Department of Workforce Services. The document does not show that Lundahl exhausted the Texas administrative process or sought judicial review from a Travis County district court. This case should be dismissed because Lundahl's remedy lies in the TDHHS or a Travis County district court.

**Claims previously litigated**. This is not the first time Lundahl has tried to circumvent her state-court remedies. Previously, Lundahl attempted to remove an "Notice of Agency Action" issued by the Utah Department of Workforce Services.[37] Although the agency had not issued a final decision when Lundahl filed her notice of removal, the agency ultimately issued a Order of Default. The order determined that Lundahl was responsible for overpayment of food stamp benefits and entered judgment in favor of the Utah Department of Workforce Services.[38] Two of the individuals named as defendants in Lundahl's proposed complaint—Amanda Matravers and Lenore Lopez—signed the Notice of Agency Action and the Order of Default.[39] One other named defendant—Andrew Arnott—previously worked for the Utah Department of

---

[36] *See* docket entry # 3, ¶ 5 (proposed complaint).

[37] Civil Action No. 2:04-CV-333, Notice of Removal, Apr. 16, 2004 & Cross-Complaint of Holli Lundahl, Aug. 14, 2004, both filed in D. Utah.

[38] *See* docket entry # 3, exh. 48 (Lundahl's proposed complaint).

[39] Civil Action No. 2:04-CV-333, Mem. in Supp. of Defs' Mot. to Dismiss Pl.'s Countercl. & Mot. for Remand, p. 7.

Workforce Services and was named as a defendant in the Utah case, but was never served.[40] Judge Benson, remanded the case, explaining that "there is nothing in the record or briefs to suggest that this Court would have jurisdiction over this action because of diversity or because the action presents a federal question."[41] Judge Benson explained that the proceeding Lundahl sought to remove "was not brought in state court, as required by [28 U.S.C.] § 1441."[42] Judge Benson observed the following:

> [Lundahl] has made no effort to avail herself of the process the Utah Department of Workforce Services makes available to her. She has not filed a separate lawsuit challenging an ongoing administrative process. She has simply attempted to use statutes providing for removal and the automatic [bankruptcy] stay to prevent an agency action from proceeding against her.[43]

The process Judge Benson referred to is Utah's state process for challenging "the collection of overpayments [of food stamps] and/or disqualifications from any public assistance program provided under a state or federally funded benefit program."[44] Similar to Texas's process for food stamps, the Utah process provides for advance notice of agency action, the right to a hearing before an administrative law judge, an order of default in the event the applicant fails to participate in the hearing, and review by the Division of Adjudication. A claimant also has the right to judicial review by appealing to a Utah state district court.[45] By naming Matravers,

---

[40]*Id*. at n. 2.

[41]Civil Action No. 2:04-CV-333, Order (D. Utah Mar. 3, 2006) (docket entry # 19).

[42]*Id*.

[43]*Id*.

[44]*See* Utah Admin. Code r.986-100 (2009).

[45]Utah Admin. Code r.986-100-135 (2009) ("Either party has the option of appealing the decision of the ALJ or presiding officer to either the Executive Director or person designated by the Executive

11

Lopez, and Arnott as defendants in the proposed complaint in this case, Lundahl has once again failed to avail herself of the process made available by the Utah Department of Workforce Services.

**Lundahl's other claims**. Lundahl also seeks to sue another defendant she has sued before—Special Agent Sonja Sorenson. Sorenson is the FBI agent who arrested Lundahl for the bankruptcy charges ultimately dismissed by Chief Judge Downes.[46] Lundahl's proposed complaint alleges that Sorenson violated her "fourth amendment rights to be free from seizure without probable cause by arresting [her] on charges that had already been resolved in [her] favor . . . ." and violated her "5th amendment rights to be free from deprivation of liberty and property without due process of law when based upon Sorenson's bad faith investigation . . . ."[47] Lundahl has attempted to sue Sorenson at least twice before: once, in Cause No. 3:09-MC-00002 in the Southern District of Texas, and again in Cause No. 3:08-CV-01990-M in the Northern District of Texas. United States District Judge Gary Miller dismissed Cause No. 3:09-MC-00002 as duplicative of Lundahl's previous lawsuits and as precluded by his decision in Cause No. 08-3786. Judge Miller dismissed Lundahl's complaint in Cause No. 08-3786 under the three-strikes rule for failing to show that she was in imminent danger of serious physical danger.[48] Cause No. 08-CV-01990-M has not yet been closed, but United States Magistrate Judge Jeff Kaplan

---

Director or to the District Court. The appeal must be filed, in writing, within 30 days of the issuance of the decision of the ALJ or presiding officer.").

[46]Criminal Action 2:06-CR-00693, Warrant for Arrest, executed Oct. 16, 2006.

[47]*See* docket entry # 3, ¶ 48, (proposed complaint).

[48]Civil Action H-08-3786, docket entry # 3, Order of Dismissal (S.D. Tex. Jan. 14, 2009).

recommended denying Lundahl's application to proceed IFP under the three-strikes rule because Lundahl made no showing that she was in imminent danger of serious physical danger.[49]

Lundahl's other allegations—an unspecified claim under the Federal Tort Claims Act, conspiracy with an FBI agent to initiate criminal proceedings, racketeering activities, abuse of process to get her out of the way so the defendants could steal her property—and other named defendants—an unnamed accounting official for the BOP in Austin Texas, the USA, and Doe employees of the Utah Department of Health and Human Services—are so vague as to be undecipherable.

**Whether sanctions are appropriate**. Lundahl should be sanctioned for filing this case because it is frivolous. Rule 11 of the Federal Rules of Civil Procedure permits a district court to impose an appropriate sanction on a party who violates that rule. This case violates Rule 11 because Lundahl's "claims, defenses, and other legal contentions are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[50] Lundahl knows her claims are not warranted by existing law because she has sued the same defendants for the same complaints, with the same results—dismissal as frivolous. Lundahl's allegations against Matravers, Lopez, and Arnott are perfect examples. Judge Benson's order remanding Lundahl's complaint against Matravers, Lopez, and Arnott explained why Lundahl's remedy lay with the Utah Department of Workforce Services and the Utah state courts. Despite that explanation, Lundahl named Matravers, Lopez, and Arnott in her proposed complaint and complained about the same agency action. By doing so, Lundahl

---

[49]Cause No. 08-CV-1990, docket entry # 6 (N.D. Tex. Dec. 18, 2008).

[50]Fed. R. Civ. P. 11(b)(2).

13

violated Rule 11 by failing to certify that "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [her complaint] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and that] (2) [her] claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . ."[51]

**The appropriate sanction**. "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[52] Despite filing restrictions by the United States Supreme Court,[53] the United States Court of Appeals for the Ninth Circuit,[54] the United States Court of Appeals for the Tenth Circuit,[55] the Supreme Court of Utah,[56] the United States District Court for the District of Utah,[57]

---

[51]Fed. R. Civ. P. 11 (b).

[52]Fed. R. Civ. P. 11 (c)(4).

[53]*See Lundahl v. Eli Lilly & Co.*, 544 U.S. 997 (2005) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid . . . .").

[54]*See Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005) at * 2 ("The Ninth Circuit has also imposed pre-filing restrictions on Ms. Lundahl, *In re Lundahl*, No. 97-80258 (9th Cir. Jul. 17, 1997) (order imposing pre-filling review). . . .").

[55]*See Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005), at *3-4 ("Because plaintiffs, and in particular plaintiff Holli Lundahl, have abused the appellate process, . . . .[Plaintiffs] will be ENJOINED from proceeding as petitioners in an original proceeding or as appellants in this court unless they are represented by a licensed attorney admitted to practice in this court or unless they first obtain permission to proceed pro se. To obtain permission to proceed pro se, plaintiffs must . . . . list . . . all lawsuits currently pending or filed previously with this court, . . . all outstanding injunctions or orders limiting plaintiffs' access to federal court, including orders and injunctions requiring plaintiffs to seek leave to file matters pro se or requiring them to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or

and the United States District Court for the District of Idaho,[58] Lundahl has persisted in filing harassing and frivolous lawsuits, abusing the judicial system. My research confirmed Judge Tallman's assessment—that Lundahl targets the same defendants and any party previously associated with her lawsuits, in each of her subsequent actions, moving from one forum to the next to pursue the same claims. For this reason, I do not recommend an incremental approach to deter Lundahl from filing frivolous and harassing litigation in the future in this forum. Instead, I

---

injunctions; and . . . [f]ile . . . . a notarized affidavit, in proper legal form, which recites the issues they seek to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged[, certifying] that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . .").

[56]*See Lundahl v. Quinn*, 67 P.3d 1000, 1005 (Utah 2003) ("We wish also wish to address Holli's history of consuming judicial resources without demonstrating adequate legal justification. . . . Holli should not be allowed to harass the judiciary of this state at public expense. . . .In any future filing . . . by Holli Lundahl, the Clerk shall allow only a conditional waiver of the filing fee. In the event Holli's pleadings violate rule 33 of the Rules of Appellate Procedure, the conditional waiver of the fee will be revoked and Holli Lundahl will be barred from submitting any future filing of a petition for discretionary review until the filing fee is paid.").

[57]*See Los Angeles Homeowners Aid v. Lundahl*, No. 2:06-MC-00619, 2006 WL 2459371 (Aug. 23, 2006 D. Utah), at * 5 ("Because of Ms. Lundah's conduct before the Court . . . , the Court ORDERS the following filing restrictions to be imposed upon future pleadings . . .: (1) new complaints filed by Ms. Lundahl will be collected by the clerk of the court and forwarded to a Magistrate Judge for review, (2) the Magistrate Judge will review the complaint to determine whether it is meritorious, duplicative or frivolous, (3) if the Magistrate Judge determines that the complaint is without merit, duplicative or frivolous, it will be forwarded to the Chief Judge for further review, and (4) only with the Chief Judge's consent will the complaint be filed.").

[58]*See Lundahl v. Nar Inc.*, 434 F. Supp. 2d 855, 861 (D. Idaho 2006) ("NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff Holli Lundahl is enjoined from filing any further action, pleading, or letters in this Court in any civil matter without first obtaining leave of the Chief United States District Judge. . . . Should Lundahl fail to comply with the conditions of this pre-filing Order, she will be subject to further sanctions, including but not limited to, a requirement that she post adequate surety to indemnify attorneys fees and costs of the opposing parties in the case, as well as punishment for contempt of court, both civil and criminal.").

recommend a pre-filing injunction.

**Whether a pre-filing injunction is appropriate**. "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation. A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants."[59]

> In determining whether it should impose a pre-filing injunction or should modify an existing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors:
>
> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.[60]

Lundahl's history is sufficiently described in this report and recommendation to show that she has filed vexatious, harassing, or duplicative lawsuits for many years in several states. Although Lundahl's litigation history may have been influenced by the mental illness discussed by Chief Judge Downes, that history nevertheless reflects no basis for believing that Lundahl has acted in good faith. Instead, that history indicates Lundahl has acted to harass her named defendants, without any reasonable belief that she would obtain the relief she has sought. Numerous judges have documented the extraordinary burden on the courts and other parties that has resulted from Lundahl's filings. Despite the most restrictive sanctions available, Lundahl has persisted in filing vexatious, harassing, or duplicative lawsuits. Lundahl's litigation history shows that nothing will deter her from filing vexatious, harassing, or duplicative lawsuits in Texas. So long as Lundahl

---

[59]*Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008) (internal citations omitted).

[60]*Baum*, 513 F.3d at 189.

16

resides in Texas, only a pre-filing injunction will alleviate the resulting burden on the Texas courts and on named defendants. Consequently, I recommend enjoining Lundahl from filing a civil complaint in any Texas federal district court, naming any defendant she has sued before, without obtaining permission from a district judge in this district.

**Recommendation**. For the reasons discussed in this report, I recommend DENYING the motion to proceed IFP (docket entry # 1), DENYING the request for counsel, and DISMISSING this case under section 1915(e) as frivolous. To the extent that Lundahl may complain about a lack of notice that the court is considering dismissal of this case, Lundahl should treat this report and recommendation as notice and respond in accordance with the instructions that follow.

I also recommend enjoining Lundahl from filing a civil complaint in any Texas federal district court, naming any defendant she has sued before, without obtaining permission from a district judge in this district. Because no motion for sanctions is before the court, Lundahl should consider this report and recommendation as notice that the court is considering a pre-filing injunction and respond in writing why this lawsuit does not violate Rule 11.[61] The failure to object to the recommendation for sanctions may be interpreted as Lundahl's admission that her claims are frivolous.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

---

[61]*See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[62] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[63] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[64]

**SIGNED** on August 8, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[62] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[63] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[64] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).