UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOLLI LUNDAHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No. SA-09-CA-0588-XR |
| ) | |
| ALBERT HAWKINS, Commissioner for ) | |
| the Dept. of Health and Human Services ) | |
| for the State of Texas; ANDREW ) | |
| ARNOTT, LENORE LOPEZ, AMANDA ) | |
| MATRAVERS, and DOES EMPLOYEES ) | |
| of the Utah Department of Health and ) | |
| Human Services; ACCOUNTING ) | |
| OFFICIAL for the BOP in Austin, Texas; ) | |
| the UNITED STATES OF AMERICA; ) | |
| and SONJA SORENSON. ) | |
| ) | |
| Defendants ) | |

### ORDER ACCEPTING UNITED STATES
### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed August 10, 2009 (docket no. 4) and Plaintiff's response thereto (docket no. 7). The Magistrate Judge recommends denying Plaintiff's motion to proceed in forma pauperis, denying the request for counsel, dismissing the case under section 1915(e) as frivolous, and enjoining Plaintiff from filing a civil complaint in any Texas federal district court naming any defendant she has sued before without obtaining permission from a district judge in this district. After careful consideration, the Court will accept the recommendation and dismiss this case.

1

# I. BACKGROUND

**A.      Current Claims**

This is a *pro se* action filed on July 20, 2009 by Holli Lundahl against the United States and others. In her complaint, Lundahl alleges that all or some of the defendants committed violations of the Federal Tort Claims Act (FTCA), First Amendment, Fourth Amendment, Fifth Amendment, the Federal Racketeering Influenced and Corrupt Organizations Act (RICO), and the Utah RICO statute. She also claims that some or all of the defendants have committed fraud, abuse of process, and conspiracy.

Lundahl filed a motion for leave to proceed *in forma pauperis* (IFP) and a request for appointed counsel. Lundahl's complaint and motion were referred to a Magistrate Judge. On August 10, 2009, the Magistrate Judge submitted her Report and Recommendation to this Court. The Magistrate Judge made three recommendations: (1) that the motion to proceed IFP be denied and Lundahl's case dismissed under 28 U.S.C. § 1915(e), (2) that a pre-filing injunction be entered against Lundahl because her complaint is frivolous and because of her extensive history of vexatious litigation in other courts, and (3) that her request for counsel be denied. On August 27, 2009, Lundahl filed objections to the Magistrate Judge's Report and Recommendation and later a supplement to her objections.

Her primary objections are that: (1) her claims are not frivolous and (2) the Magistrate Judge erred in recommending a pre-filing injunction be entered against her based on her litigation history outside of the district.

**B.     Lundahl's Litigation History**

Holli Lundahl has an extensive litigation history with United States federal and state courts. As noted by the Magistrate Judge, several courts have imposed filing restrictions on Lundahl. Namely,[1] the United States Supreme Court,[2] the United States Court of Appeals for the Ninth Circuit,[3] the United States Court of Appeals for the Tenth Circuit,[4] the United States District Court for the District of Idaho,[5] the United States District Court for the District of Utah,[6] and the Supreme

---

[1] This section borrows largely from the research conducted by the Magistrate Judge in her Report and Recommendation. *See Lundahl v Hawkins*, No. SA-09-CV-0588, 2009 WL 2461220, at *6 (Mag. W.D. Tex. Aug. 10. 2009).

[2] *See Lundahl v. Eli Lilly & Co.*, 544 U.S. 997 (2005) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid . . . .").

[3] *See Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 at * 2 (10th Cir. June 8, 2005) ("The Ninth Circuit has also imposed pre-filing restrictions on Ms. Lundahl, *In re Lundahl*, No. 97-80258 (9th Cir. Jul. 17, 1997) (order imposing pre-filling review). . . .").

[4] *See Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005), at *3–4 ("Because plaintiffs, and in particular plaintiff Holli Lundahl, have abused the appellate process, . . .[Plaintiffs] will be ENJOINED from proceeding as petitioners in an original proceeding or as appellants in this court unless they are represented by a licensed attorney admitted to practice in this court or unless they first obtain permission to proceed *pro se*. To obtain permission to proceed *pro se*, plaintiffs must . . . . list . . . all lawsuits currently pending or filed previously with this court, . . . all outstanding injunctions or orders limiting plaintiffs' access to federal court, including orders and injunctions requiring plaintiffs to seek leave to file matters *pro se* or requiring them to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and . . . [f]ile . . . . a notarized affidavit, in proper legal form, which recites the issues they seek to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged[, certifying] that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . .").

[5] *See Lundahl v. Nar Inc.*, 434 F. Supp. 2d 855, 861 (D. Idaho 2006) ("NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff Holli Lundahl is enjoined from filing any further action, pleading, or letters in this Court in any civil matter without first obtaining leave of the Chief United States District Judge. . . . Should Lundahl fail to comply with the conditions of this pre-filing Order,

Court of Utah.⁷

## II. STANDARD OF REVIEW

If a party does not object to the Magistrate Judge's Report and Recommendation, then the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, a Report or Recommendation that is objected to requires de novo review. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th

---

she will be subject to further sanctions, including but not limited to, a requirement that she post adequate surety to indemnify attorneys fees and costs of the opposing parties in the case, as well as punishment for contempt of court, both civil and criminal.").

⁶*See Lundahl v. Quinn*, 67 P.3d 1000, 1005 (Utah 2003) ("We also wish to address Holli's history of consuming judicial resources without demonstrating adequate legal justification. . . Holli should not be allowed to harass the judiciary of this state at public expense. . . .In any future filing . . . by Holli Lundahl, the Clerk shall allow only a conditional waiver of the filing fee. In the event Holli's pleadings violate rule 33 of the Rules of Appellate Procedure, the conditional waiver of the fee will be revoked and Holli Lundahl will be barred from submitting any future filing of a petition for discretionary review until the filing fee is paid.").

⁷*See Los Angeles Homeowners Aid v. Lundahl*, No. 2:06-MC-00619, 2006 WL 2459371 at * 5 (Aug. 23, 2006 D. Utah) ("Because of Ms. Lundahl's conduct before the Court . . . , the Court ORDERS the following filing restrictions to be imposed upon future pleadings . . .: (1) new complaints filed by Ms. Lundahl will be collected by the clerk of the court and forwarded to a Magistrate Judge for review, (2) the Magistrate Judge will review the complaint to determine whether it is meritorious, duplicative or frivolous, (3) if the Magistrate Judge determines that the complaint is without merit, duplicative or frivolous, it will be forwarded to the Chief Judge for further review, and (4) only with the Chief Judge's consent will the complaint be filed.").

Cir. 1987). This rule must be balanced with the requirement that a *pro se* litigant's complaint must be held to a less stringent standard than pleadings drafted by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff filed objections; accordingly, the Court will conduct a de novo review, respecting the fact that Lundahl is a *pro se* litigant.

### III. DISCUSSION

**A.  Lundahl's Complaint & Motion to Proceed *in forma pauperis***

A court can authorize a person to proceed in its court "without prepayment of fees or security therefor" if a person files a motion to proceed *in forma pauperis* (IFP) that includes an affidavit with a statement of all the person's assets indicating that the person "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A court may *sua sponte* deny a party's motion to proceed IFP and the party's underlying claims if the court determines that the claims are frivolous. 28 U.S.C. § 1915(e)(2). "Frivolous" is not statutorily defined. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Supreme Court has considered on several occasions what constitutes a "frivolous" complaint under the pre-1996 version of the IFP statute, 28 U.S.C. § 1915(d), as well as the current version of the statute, 28 U.S.C. § 1915(e). A complaint is frivolous and dismissal is required under section 1915(e) if the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy. *Neitzke*, 490 U.S. at 325. Furthermore, a claim is frivolous if the facts alleged rise to the level of irrational or are wholly incredible. *Id.*

The Supreme Court has acknowledged that the purpose of the IFP statute is "'to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." *Denton v. Hernandez,* 504 U.S. 25, 31(1992) (citing *Adkins v. E.*

*I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). At the same time, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 US at 324. Thus, Congress tempered section 1915(e) by allowing courts to dismiss an IFP complaint if it is frivolous or malicious. *Id.*

Here, Lundahl, a *pro se* litigant, brought six claims against numerous defendants. After examining Lundahl's original complaint, the Court determines that it is the type of complaint that Congress contemplated when it gave courts the power to dismiss claims for frivolity in both the previous and current version of the IFP statute. Although the Court conducts a different analysis than that employed by the Magistrate Judge, the Court agrees with the Magistrate Judge's recommendation. Lundahl's claims are frivolous as contemplated by section 1915(e). Below, the Court reviews each of Lundahl's claims to explain why they are frivolous.

1. Federal Tort Claims Act

Lundahl's first cause of action is against the United States pursuant to the Federal Tort Claims Act (FTCA). She claims that she:

> . . . filed an FTCA (sic) 6 months before the filing of this complaint. No settlement was offered by the government. [Lundahl's] claims against the United States is deemed denied and [Lundahl] heretofore opens this case against the United States of America . . . [Lundahl] requests an advisory jury trial by the same jury hearing [Lundahl's] claims against the remainder defendants.

Pl. Original Compl. at 14–15. This is the whole of Lundahl's FTCA claim. She does not explain what the claim is or the factual allegations underlying the claim. The Magistrate Judge explained

that Lundahl's FTCA claim is "undecipherable." The Court agrees.

### 2. *Bivens* Action

Lundahl also claims that Sonja Sorenson and an unnamed Department of Justice official "under color of law did violate [her] 1st, 4th, and 5th Amendment rights to be free from deprivation of liberty and property without due process of law." Pl. Original Compl. at 16. As to the First Amendment violation, Lundahl fails to state a factual basis for this claim. In fact, the first sentence, as quoted above, is the only mention of a First Amendment violation in her complaint. This claim is inadequate as there are no facts supporting it.

As to Lundahl's Fourth and Fifth Amendment claims, these claims are so vague as to be baseless. Specifically, Lundahl claims her Fourth Amendment right to be free from unreasonable searches and seizures was violated because she was arrested by Sorenson on "charges that had already been resolved" in her favor. Pl. Original Compl. at 16. She also claims that due to Sorenson's "bad faith investigation, [she] was detained for almost 2 ½ years" in violation of her Fifth Amendment rights to be free from abuse by a government official in a legal proceeding, among other things. *Id.* Lundahl's claims are unclear because basic facts to support the claims are missing from the whole of her complaint. Further, as noted by the Magistrate Judge, Plaintiff has attempted to sue Sorenson twice before. Her claim in the Southern District of Texas was dismissed as duplicative of her previous lawsuits and as precluded by Judge Miller's decision in 08-3786. Her motion to proceed IFP in the Southern District of Texas was denied, with Judge Lynn expressly noting that Plaintiff is a vexatious litigant. These claims are dismissed as frivolous..

### 3. Conspiracy

Lundahl claims that the all of the defendants "conspir[ed] to violate [her] civil rights by fraud and that the defendants actions were taken wholly without jurisdiction." Pl. Original Complaint at 16. This claim is incoherent. The Court is not sure if Lundahl is asserting conspiracy or fraud. The Court will assume based on the heading in her complaint that Lundahl is claiming that everyone, except the United States, has allegedly conspired against her. This would mean that federal and state government officials in Texas and Utah conspired against her to, as she states, "continue to violate [her] civil rights and commit ongoing" violations of the Racketeering Influenced and Corrupt Organizations Act [RICO]. Pl. Original Complaint at 17. In short, these allegations are not entitled to credence. Moreover, a general allegation of conspiracy without a statement of the facts constituting that conspiracy, is only an allegation of a legal conclusion and is insufficient to constitute a cause of action. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 632 (5th Cir. 1999). Lundahl's assertions that certain defendants have committed acts of conspiracy against her, without factual averments, are legal conclusions. Thus, the Court determines that Lundahl's statements are conclusory and frivolous and fail to state a claim. *See* 28 U.S.C. § 1915(e)(B)(1) and (2).

### 4. Federal and Utah Racketeering Acts

Lundahl's fourth cause of action is frivolous as well. Based on the heading, it seems that she is claiming that all the defendants, excluding the United States, violated the Federal and Utah RICO statutes. Under Federal law, in order to sufficiently plead a RICO claim, "plaintiffs must allege both the existence of an 'enterprise,'" meaning the party must provide evidence "that the various associates function as a continuing unit." *Montesano v. Seafirst Commercial Corp.*, 818 F.2d

423, 426–27 (5th Cir. 1987) (citations omitted). The plaintiff must also show a "connected 'pattern of racketeering activity.'" *Id.* And none of this evidence can be conclusory. *Id.* at 427. Even giving deference to Lundahl as a *pro se* litigant, she is far from meeting this pleading standard. She states no facts to support either of her RICO claims; thus, this claim is also frivolous. *See Neitzke*, 490 U.S. at 325.[8]

### 5. Fiduciary Fraud

The Court determines that Lundahl's fraud claim is frivolous. According to Federal Rule of Civil Procedure 9(b), fraud must be pled with particularity. There are no facts to support this claim; it is conclusory and frivolous. *See Neitzke*, 490 U.S. at 325.

### 6. Abuse of Process

In the final section of her complaint, Lundahl alleges that *all* of the defendants have abused "a process" to impoverish Lundhal and prevent her from seeking any remedies through paid counsel when she was released from jail. This claim is so conclusory and convoluted that is frivolous. *See Neitzke*, 490 U.S. at 325.

**B.     Pre-Filing Injunction**

The Magistrate Judge recommends that a pre-filing injunction be entered against Lundahl because her complaint is frivolous and because she has a history of vexatious litigation all over the United States. The Magistrate Judge points to the fact that Lundahl attempts to bring repetitive

---

[8] The Magistrate Judge expressly analyzed Plaintiff's claims against Defendant Albert Hawkins. The Court agrees with the Magistrate Judge's analysis and conclusion that these claims are conclusory and not entitled to be assumed to be true, and that Plaintiff should pursue any remedy related to the denial of food stamps in Texas state courts.

claims against Defendants Matravers, Lopez, and Arnott, even though Judge Benson's order remanding her claims in a prior suit explained why Lundahl's remedy lay with the Utah Department of Workforce Services and the Utah state courts, not in federal court. Lundahl argues that the Magistrate Judge erred in her determination because she looked outside of the "four corners" of Lundahl's complaint and instead based her decision on Lundahl's history of litigation outside of the district.

As the Magistrate Judge noted, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Bourn v. Blue Moon Ventures, LLC*, 513 F.3d 181,189 (5th Cir.2008). When determining whether to impose a pre-filing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits, (2) whether the party had a good-faith basis for pursuing the litigation, or simply intended to harass, (3) the extent of the burden on the courts and other parties resulting from the party's filings, and (4) the adequacy of alternative sanctions. *Id.*

The Court can find no case, and Lundahl has cited none, to support her contention that the Magistrate Judge erred in considering Lundahl's litigation history outside of the district. The Magistrate Judge's recitation of Lundahl's filing restrictions followed the requirement that a judge look to the complainant's "litigation history." Accordingly, given Lundahl's extensive litigation history, the Court agrees that a pre-filing injunction against Lundahl is appropriate.

As the Magistrate Judge noted, a pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Baum*, 513 F.3d at 189

(internal citations omitted). Because of Lundahl's history of litigiousness and of repeatedly suing certain defendants, the Court finds that enjoining Lundahl from filing suit in federal district court against anyone she has filed suit against previously, as the Magistrate Judge recommends, serves this purpose.

## CONCLUSION

The Court's accepts the Magistrate Judge's recommendations. Accordingly, the Court DENIES Plaintiff's motion to proceed IFP (docket no. 1), DENIES Plaintiff's request for counsel, and DISMISSES Plaintiff's complaint as frivolous. In addition, the Court ORDERS that Lundahl be ENJOINED from filing any civil suit in any federal district court in Texas naming any defendant she has sued before unless she first obtains permission from a district judge in this district.

It is so ORDERED.

SIGNED this 27th day of October, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE